# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**IN RE:**      **RODNEY JAMES RANDLE**      **CHAPTER 7 BANKRUPTCY**
**NO. 12-11523**

## MOTION FOR COURT APPROVAL OF
## POST-DISCHARGE REAFFIRMATION AGREEMENT

Comes now Debtor, Rodney James Randle, by and through his attorney, Selene D.

Maddox, and files this Motion For Court Approval of Post-Discharge Reaffirmation Agreement

and would show as follows:

Debtor filed a Chapter 7 bankruptcy case on April 11, 2012. Debtor listed as a secured

creditor Ampot Federal Credit Union on an account secured by a 2003 Honda Accord automobile

and an account secured by a Skag riding lawnmower. Ampot Federal Credit Union was also

listed as an unsecured creditor on a signature loan. Consistent with the Statement of Intentions

filed by Debtor on April 11, 2012, Debtor's attorney's office mailed two proposed reaffirmation

agreements to Ampot Federal Credit Union under cover letter dated April 19, 2012. A copy of

the cover letter and proposed reaffirmation agreements are filed herewith as Exhibit "A". This

was mailed to Ampot Federal Credit Union at P.O. Box 250, Hamilton, MS 39746. On May 22,

2012, a Notice of Bankruptcy Filing was transmitted by facsimile to Ampot Federal Credit Union

by Tabatha Pharr, Legal Assistant for Maddox Law Office. See Exhibit "B". On or about May

31, 2012, Christina from Ampot Federal Credit Union called regarding Debtor and advised the

mailing address was incorrect as listed in the petition and should be P.O. Box 352, Hamilton, MS

39746. Subsequently, on June 1, 2012, the cover letter and reaffirmation agreements were

mailed again to Ampot at the corrected address after Tabatha Pharr advised Ampot that Debtor

desired to reaffirm his secured indebtedness and the reaffirmation agreements would be resent.

Ampot never returned the completed reaffirmation agreements for Debtor to sign and file with the Court. A Discharge Order was entered in Debtor's case on July 17, 2012.

A letter dated July 20, 2012, was mailed to Debtor's attorney by Thomas L. Segrest, attorney for Ampot Federal Credit Union, inquiring about the reaffirmation agreements. Upon receipt of this letter, Debtor's attorney, Selene D. Maddox, call Mr. Segrest's office regarding the reaffirmation agreements and failure of Ampot to return them. Selene D. Maddox then transmitted by facsimile the two reaffirmation agreements originally sent to Ampot Federal Credit Union. On the transmittal cover sheet, Mrs. Maddox requested the payment terms be filled in and the reaffirmation agreements be signed and returned for Mr. Randle to sign. Subsequently, the completed reaffirmation agreements were returned to Mrs. Maddox and Mr. Randle executed the two agreements and they were filed with the Court.

At all times, from the filing of the bankruptcy case forward, Debtor has desired to retain the 2003 Honda Accord and Skag mower and has continued to maintain payment on his accounts. It is still Debtor's desire to reaffirm the indebtedness secured by these two items of collateral.

Debtor has not been pressured by Ampot to reaffirm his indebtedness and entered into the two reaffirmation agreements voluntarily and on his own free will.

Debtor, by and through his attorney, made every effort possible to complete the execution of the reaffirmation agreements prior to the entry of his discharge.

WHEREFORE, premises considered, Debtor prays, upon a hearing hereon, this Court will approve his post-discharge reaffirmation agreements with Ampot Federal Credit Union as filed under Docket 14 and Docket 16.

Respectfully submitted, this the _____ day of August, 2012.

RODNEY JAMES RANDLE

BY: _____

SELENE D. MADDOX
Attorney for Debtor(s)

CERTIFICATE OF SERVICE

I, Selene D. Maddox, hereby certify that I have this day, being registered with the CM/ECF

system sent electric notification to:

- Office of the United States Trustee USTPRegion5.AB.ECF@usdoj.gov

- Henry J. Applewhite    happlewhite@applewhitelaw.com

- Thomas L. Segrest    tsegrest@grahamandsegrest.com

This, the _____ day of August, 2012.

_____

Selene D. Maddox

# SELENE D. MADDOX
### ATTORNEY AT LAW

April 19, 2012

Ampot Federal Credit Union
P.O. Box 250
Hamilton, Ms 39746

Re:   **Rodney James Randle**
      **Chapter 7 Case #12-11523**

Sir/Madame:

Enclosed please find the original reaffirmation agreement cover sheet and the original reaffirmation agreement in reference to the above bankruptcy matter. **Please sign same, fill in reaffirmation amount, fill in monthly payment amount, security documents (i.e., Promissory Note, Certificate of Deposit, Account Ledger Card, Security & Installment Agreement, Certificate of Title, Deed of Trust, Ect.) evidencing property which you may have security interest in and return to my office.** Upon receipt of the reaffirmation agreement and attachments, I will obtain the signature of the debtor(s) and file same with the Court.

You must also fill out the Reaffirmation Agreement Cover Sheet. If you chose to file the Reaffirmation Agreement, it will be your responsibility to provide the Court with an Order.

Should you have any question concerning this matter, please do not hesitate to call me.

Sincerely,

*Tabatha M. Pharr*

Tabatha M. Pharr

Enclosures

*Resent 6-1-2012*
*P.O. Box 352*
*Hamilton ms 39746*

*Exhibit "A"*

B27 (Official Form 27) (12/09)                                                                     3

# United States Bankruptcy Court
## NORTHERN DISTRICT OF MISSISSIPPI

In re   **Rodney James Randle**
     Debtor

Case No.   **12-11523**
Chapter   **7**

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: **Ampot Federal Credit Union**

2. Amount of the debt subject to this reaffirmation agreement:

   $_____ on the date of bankruptcy

   $_____ to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   ___% prior to bankruptcy

   _____% under reaffirmation agreement (_____ Fixed Rate _____ Adjustable Rate)

4. Repayment terms (if fixed rate): $_____ per month for _____ months

5. Collateral, if any, securing the debt: Current market value: $_____

   Description:_____

6. Does the creditor assert that the debt is nondischargeable? ___Yes ___No

| Debtor's Schedule I and J Entries | | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | | |
|---|---|---|---|---|---|
| 7A. | Total monthly income from Schedule I, line 16 | $ **6,674.28** | 7B. | Monthly income from all sources after payroll deductions | $____ |
| 8A. | Total monthly expenses from Schedule J, line 18 | $ **7,244.00** | 8B. | Monthly expenses | $____ |
| 9A. | Total monthly payments on reaffirmed debts not listed on Schedule J | $____ | 9B. | Total monthly payments on reaffirmed debts not included in monthly expenses | $____ |
| | | | 10B. | Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) | $____ |

B27 (Official Form 27) (12/09)                                                                          4

11.    Explain with specificity any difference between the income amounts (7A and 7B):
       _____
       _____

12.    Explain with specificity any difference between the expense amounts (8A and 8B):
       _____

       If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation
contained on those lines is true and correct.

_____                      _____
**Rodney James Randle**
Signature of Debtor (only required if                Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                          required if line 11 or 12 is completed)


<u>Other Information</u>

☐      Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue
hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available
to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
       ___ Yes          ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed
a certification (affidavit or declaration) in support of the reaffirmation agreement?
       ___ Yes          ___ No

## FILER'S CERTIFICATION

       I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the
parties identified on this Reaffirmation Agreement Cover Sheet.


                                   _____
                                   Signature


                                   _____
                                   Print/Type Name & Signer's Relation to Case

B240A, Reaffirmation Documents                                                                    Page 8

---

Check one.

☐ **Presumption of Undue Hardship**

☐ **No Presumption of Undue Hardship**
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check*

---

# United States Bankruptcy Court
### Northern District of Mississippi

In re   **Rodney James Randle** _____   Case No.   **12-11523** _____
                                                 Debtor(s)                 Chapter   **7** _____

## REAFFIRMATION DOCUMENTS

**Name of Creditor:**   **Ampot Federal Credit Union** _____

☐ Check this box if Creditor is a Credit Union

## PART I.  REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A.  Brief description of the original agreement being reaffirmed: _____

                                                                  *For example, auto loan*

B.  ***AMOUNT REAFFIRMED:***          $ _____

> The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

> *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C.  The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is _____ %.

> *See definition of "Annual Percentage Rate" in Part V, Section C below.*

> This is a *(check one)*   ☐ Fixed rate                    ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D.  Reaffirmation Agreement Repayment Terms *(check and complete one)*:

> ☐ $____ per month for ____ months starting on ____.

> ☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount. ____.

E. Describe the collateral, if any, securing the debt:

Description: _____

Current Market Value    $ _____

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☐ Yes   What was the purchase price for the collateral?          $ _____

☐ No    What was the amount of the original loan?                $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ _____ | $ _____ |
| Annual Percentage Rate | _____ % | _____ % |
| Monthly Payment | $ _____ | $ _____ |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

_____

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☐ Yes      ☒ No

B. Is the creditor a credit union?

Check one. ☐ Yes      ☒ No

C. If your answer to EITHER question A. or B. above is "No" complete 1. and 2. below.

1.  Your present monthly income and expenses are:

a. Monthly income from all sources after payroll deductions
(take-home pay plus any other income)                                    $ _____

b. Monthly expenses (including all reaffirmed debts except this one)      $ _____

c. Amount available to pay this reaffirmed debt (subtract b. from a.)     $ _____

d. Amount of monthly payment required for this reaffirmed debt            $ _____

*If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this*

B240A, Reaffirmation Documents

*reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2.  You believe this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts your are reaffirming, including this one.

    ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    _____

    Use an additional page if needed for a full explanation.

D.  If your answers to BOTH question A. or B. above were "Yes," check the following statement, if applicable:

    ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1)   I agree to reaffirm the debt described above.

(2)   Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3)   The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4)   I am entering into this agreement voluntarily and fully informed of my rights and responsibilities; and

(5)   I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If a joint Reaffirmation Agreement, both debtors must sign.):

Date _____        Signature _____
                                        **Rodney James Randle**
                                                                Debtor

Date _____        Signature _____
                                                        Joint Debtor, if any

### Reaffirmation Agreement Terms Accepted by Creditor:

Creditor   **Ampot Federal Credit Union**_____        **P.O. Box 250**
                    Print Name                               **Hamilton, MS 39746**_____
                                                                    Address

_____   _____   _____
Print Name of Representative        Signature                   Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____   Signature of Debtor's Attorney   xxxxxxxxxxxxxxxxxxxxxxxxxx

                                    Print Name of Debtor's Attorney   **Selene D. Maddox 1815**_____

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your reaffirmation agreement**

        i. **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.   INSTRUCTIONS**

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

**C.   DEFINITIONS**

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B240B (Form B240B) (12/09)

# United States Bankruptcy Court
## Northern District of Mississippi

In re  **Rodney James Randle** _____  Case No.  __**12-11523**__
_____ Debtor(s)                              Chapter  __7__

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed: _____
       (Debtor)

       _____
       (Joint Debtor, if any)

Date: _____

**B240C ALT (Form B240C ALT) (4/10)**

# United States Bankruptcy Court
### Northern District of Mississippi

In re  __Rodney James Randle_____      Case No.  __12-11523_____

Debtor(s)                            Chapter  __7_____

## ORDER ON REAFFIRMATION AGREEMENT

The debtor  __Rodney James Randle__  has filed a motion for approval of the reaffirmation agreement

dated  _____  made between the debtor and creditor  _____.  The court

held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor and the creditor on  _____.

COURT ORDER:

☐   The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐   The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐   The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐   The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐   The court does not approve the reaffirmation agreement.

BY THE COURT

Date:  _____                    _____

*United States Bankruptcy Judge*

B27 (Official Form 27) (12/09)

# United States Bankruptcy Court
## NORTHERN DISTRICT OF MISSISSIPPI

In re   **Rodney James Randle** _____

Debtor

Case No.   **12-11523** _____

Chapter   **7** _____

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1.    Creditor's Name:  __**Ampot Federal Credit Union**__

2.    Amount of the debt subject to this reaffirmation agreement:

   $_____ on the date of bankruptcy

   $_____ to be paid under reaffirmation agreement

3.    Annual percentage rate of interest:  _____% prior to bankruptcy

   _____% under reaffirmation agreement (_____ Fixed Rate _____ Adjustable Rate)

4.    Repayment terms (if fixed rate): $_____ per month for _____ months

5.    Collateral, if any, securing the debt: Current market value: $_____

   Description:_____

6.    Does the creditor assert that the debt is nondischargeable? ___Yes ___No

| Debtor's Schedule I and J Entries | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | |
|---|---|---|---|
| 7A. | Total monthly income from Schedule I, line 16 | $ **6,674.28** | 7B. | Monthly income from all sources after payroll deductions | $_____ |

Debtor's Schedule I and J Entries

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7A.   Total monthly income from
Schedule I, line 16   $ **6,674.28**

7B.   Monthly income from all   $_____
sources after payroll deductions

8A.   Total monthly expenses
from Schedule J, line 18   $ **7,244.00**

8B.   Monthly expenses   $_____

9A.   Total monthly payments on   $_____
reaffirmed debts not listed on
Schedule J

9B.   Total monthly payments on   $_____
reaffirmed debts not included in
monthly expenses

10B.   Net monthly income   $_____
(Subtract sum of lines 8B and 9B from
line 7B. If total is less than zero, put the
number in brackets.)

B27 (Official Form 27) (12/09)                                                                      2

11.   Explain with specificity any difference between the income amounts (7A and 7B):

      _____

      _____

12.   Explain with specificity any difference between the expense amounts (8A and 8B):

      _____

      _____

      If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.


**Rodney James Randle**
_____
Signature of Debtor (only required if
line 11 or 12 is completed)

_____
Signature of Joint Debtor (if applicable, and only
required if line 11 or 12 is completed)


Other Information

☐     Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
      ___ Yes          ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
      ___ Yes          ___ No


## FILER'S CERTIFICATION

      I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.


_____
Signature

_____
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

┌─────────────────────────────────────────────┐
Check one.

☐ **Presumption of Undue Hardship**

☐ **No Presumption of Undue Hardship**

*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check*
└─────────────────────────────────────────────┘

# United States Bankruptcy Court
### Northern District of Mississippi

In re   **Rodney James Randle** _____    Case No.   **12-11523**
                       Debtor(s)    Chapter   **7**

## REAFFIRMATION DOCUMENTS

**Name of Creditor:**   **Ampot Federal Credit Union** _____

☐ Check this box if Creditor is a Credit Union

## PART I.  REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A.  Brief description of the original agreement being reaffirmed: _____

                                                    *For example, auto loan*

B.  ***AMOUNT REAFFIRMED:***      $ _____

       The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

       *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C.  The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is _____ %.

       *See definition of "Annual Percentage Rate" in Part V, Section C below.*

       This is a *(check one)*   ☐ Fixed rate          ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D.  Reaffirmation Agreement Repayment Terms *(check and complete one)*:

       ☐ $____ per month for ____ months starting on ____.

       ☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount. _____.

E.  Describe the collateral, if any, securing the debt:

B240A, Reaffirmation Documents

Description: _____

Current Market Value    $ _____

F.  Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☐ Yes  What was the purchase price for the collateral?    $ _____
☐ No   What was the amount of the original loan?          $ _____

G.  Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

| | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ _____ | $ _____ |
| Annual Percentage Rate | _____ % | _____ % |
| Monthly Payment | $ _____ | $ _____ |

H.  ☐  Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

_____

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A.  Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☐ Yes    ☒ No

B.  Is the creditor a credit union?

Check one. ☐ Yes    ☒ No

C.  If your answer to EITHER question A. or B. above is "No" complete 1. and 2. below.

1.  Your present monthly income and expenses are:

a. Monthly income from all sources after payroll deductions
(take-home pay plus any other income)                                        $ _____

b. Monthly expenses (including all reaffirmed debts except this one)         $ _____

c. Amount available to pay this reaffirmed debt (subtract b. from a.)        $ _____

d. Amount of monthly payment required for this reaffirmed debt               $ _____

*If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2.  You believe this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

Check one of the two statements below, if applicable:

☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts your are reaffirming, including this one.

☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

Use an additional page if needed for a full explanation.

D.  If your answers to BOTH question A. or B. above were "Yes," check the following statement, if applicable:

☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

B240A, Reaffirmation Documents

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

     (1)    I agree to reaffirm the debt described above.

     (2)    Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

     (3)    The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

     (4)    I am entering into this agreement voluntarily and fully informed of my rights and responsibilities; and

     (5)    I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If a joint Reaffirmation Agreement, both debtors must sign.):

Date _____  Signature _____

                                                **Rodney James Randle**

                                                          Debtor

Date _____  Signature _____

                                                           Joint Debtor, if any

### Reaffirmation Agreement Terms Accepted by Creditor:

Creditor  **Ampot Federal Credit Union**  _____       **P.O. Box 250**

                      Print Name                      **Hamilton, MS 39746**

                                                               Address

_____  _____  _____
Print Name of Representative        Signature                     Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____  Signature of Debtor's Attorney  xxxxxxxxxxxxxxxxxxxxxxxx

                                        Print Name of Debtor's Attorney  **Selene D. Maddox 1815**

B240A, Reaffirmation Documents

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1.  **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.  **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.  **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.  **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5.  **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6.  **When will this reaffirmation agreement be effective?**

    **a. If you *were* represented by an attorney during the negotiation of your reaffirmation agreement**

        **i. if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7.    **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

## B.   INSTRUCTIONS

1.    Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2.    Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3.    If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4.    You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5.    *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

## C.   DEFINITIONS

1.    **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2.    **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

B240A, Reaffirmation Documents

3.   **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B240B (Form B240B) (12/09)

# United States Bankruptcy Court
## Northern District of Mississippi

In re    __Rodney James Randle__                                               Case No.    __12-11523__
_____                              Chapter     __7__
                                    Debtor(s)

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because (provide any additional relevant reasons the court should consider):


Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

&#9744; 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

&#9744; 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)


Signed:    _____
                    (Debtor)


                    _____
                    (Joint Debtor, if any)

Date:       _____

B240C ALT (Form B240C ALT) (4/10)

# United States Bankruptcy Court
## Northern District of Mississippi

In re   **Rodney James Randle**

Debtor(s)

Case No.   **12-11523**

Chapter   **7**

## ORDER ON REAFFIRMATION AGREEMENT

The debtor  **Rodney James Randle**  has filed a motion for approval of the reaffirmation agreement

dated _____ made between the debtor and creditor _____. The court

held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor and the creditor on _____.

COURT ORDER:

☐  The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐  The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐  The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐  The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐  The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____

_____
*United States Bankruptcy Judge*

# S e n d i n g   C o n f i r m

```
Date : MAY-22-2012  TUE 02:23PM
Name : MADDOX LAW OFFICE
Tel. : 6628410093
```

```
Phone          :  3438789
Pages          :  2
Start Time     :  05-22 02:22PM
Elapsed Time   :  00'46"
Mode           :  ECM
Result         :  Ok
```

Exhibit "B"

# SELENE D. MADDOX
## ATTORNEY AT LAW

## FACSIMILE TRANSMITTAL

DATE: **May 22, 2012**

TO: **Christina Jones** Ampot   343-8789

FROM: **Tabatha M. Pharr-Maddox Law Office**

SUBJECT: **Rodney Randle**

NO. OF PAGES INCLUDING TRANSMITTAL SHEET: **2**

COMMENTS: Attached is Notice of Bankruptcy Filing for Rodney Randle.

94I to file
Rodney provided wrong mailing address to Ampot

AMPOT
P.O. Box 352
Hamilton, MS
39746

Rodney Randle

Please advise if all pages are not received.

362 NORTH BROADWAY • TUPELO, MISSISSIPPI 38804
(662) 841-0061 • FAX (662) 841-0093

https://ecf.msnb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?139230

United States Bankruptcy Court
Northern District of Mississippi

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 04/11/2012 at 3:43 PM
and filed on 04/11/2012.

**Rodney James Randle**
10122 Highway 382
Prairie, MS 39756
SSN / ITIN: xxx-xx-1498



The case was filed by the debtor's attorney:

**Selene D. Maddox**
362 North Broadway Street
Tupelo, MS 38804
662-841-0061

The bankruptcy trustee is:

**Henry J. Applewhite**
P. O. Box 724
Aberdeen, MS 39730
662-369-7783

The case was assigned case number 12-11523-DWH to Judge David W. Houston.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30
days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt
to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a
lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.msnb.uscourts.gov or at the Clerk's Office, Cochran U.S.
Bankruptcy Courthouse, 703 Highway 145 North, Aberdeen, MS 39730.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**David J. Puddister**
**Clerk, U.S. Bankruptcy**
**Court**